UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEXIS EDELSTEIN,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>TARA MICHELLE NELSON,<br><br>　　　　　　Defendant. | Case No.: 2:25-cv-00003-GMN-MDC<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

　　　　Pending before the Court is Petitioner Alexis Edelstein's Emergency Motion requesting a Temporary Restraining Order ("TRO") prohibiting the removal of his child from the jurisdiction of this Court and requesting a Warrant in Lieu of Writ of Habeas Corpus, (ECF No. 4). This case arises out of a dispute between Petitioner Alexis Edelstein, father of six-month old child E.E., and Respondent Tara Michelle Nelson, E.E's mother, and whether E.E. was wrongfully taken to the United States from Argentina. (*See generally* Compl., ECF No. 1). Petitioner files this Petition pursuant to the 1980 Hague Convention on Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, ("ICARA"). (*Id.* ¶ 7).

　　　　The Court has jurisdiction over this case under 22 U.S.C. § 9003, which grants state and federal courts concurrent original jurisdiction over actions arising under the Hague Convention. The parties are also engaged in divorce proceedings in Nevada State Court. "A court that receives a petition under the Hague Convention may not resolve the question of who, as between the parents, is best suited to have custody of the child." *Cuellar v. Joyce*, 596 F.3d 505, 508 (9th Cir.2010). The court's inquiry is whether the child should be returned to his or her country of habitual residence. "With few narrow exceptions, the court must return the

abducted child to its country of habitual residence so that that the court of that country can determine custody." *Id.* "This policy of deterrence gives way to concern for the welfare of the child only in extreme cases." *Id.* For example, Article 13(b) of the treaty provides that return need not be ordered where "there is a grave risk that . . . return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." *Id.*

The Court declines to issue the requested TRO *ex parte* on an emergency basis. As an initial matter, Petitioner has not provided information required by Local Rule 7-4 for Emergency Motions. Petitioner's motion must include a statement certifying that "after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action." LR 7-4(a)(3). It must also "state when and how the other affected people or entities were notified of the motion or, if not notified, why it was not practicable to do so." *Id.* Respondent was served January 12, 2025, but the Affidavit of Service does not state whether Respondent was served with Plaintiff's Emergency Motion. (*See* Summons Returned Executed, ECF No. 8).

Further, Petitioner has not sufficiently alleged why his submitted "emergency" is, in fact, an emergency. *See* L-R 7-4(c). Petitioner alleges that Respondent has a history of mental health issues, including Major Depression Disorder, and that she expressed suicidal ideation as recently as September 2024. (Emergency Mot. ¶¶ 7–12). Respondent resides with her parents, although Petitioner alleges that they are dismissive of her mental health issues and leave for work during the day. (*Id.* ¶¶ 12–14). While the Court recognizes the seriousness of mental health issues, Petitioner has not yet alleged facts that would lead the Court to find that E.E. is in immediate harm requiring an emergency *ex parte* TRO. The child lives with his mother and both grandparents, and the grandparents are employed in this jurisdiction. Petitioner has not alleged that Respondent is failing to take prescribed medications or that she has expressed a desire to harm E.E. Petitioner further has not alleged that Respondent has threatened to remove

E.E. from Nevada, nor suggested where she would go.  The parties are additionally involved in divorce proceedings in Nevada. (Compl. ¶ 58).  For those reasons, the Court declines to issue an emergency *ex parte* TRO at this time and orders additional briefing from the parties.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall serve Respondent with his Emergency Motion, (ECF No. 4), and a copy of this Order, by Friday, January 17, 2025.

**IT IS FURTHER ORDERED** that Respondent will then have two weeks to file a Response, by January 31, 2025.  Petitioner may have until February 7, 2025, to file a Reply.

**DATED** this   15   day of January, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT