CHRISTOPHER P. FORD, ESQ.
Nevada Bar No. 11570
TONY T. SMITH, ESQ.
Nevada Bar No. 12096
**FORD & FRIEDMAN**
2200 Paseo Verde Parkway, Ste. 350
Henderson, Nevada 89052
Telephone: (702) 476-2400
Facsimile: (702) 476-2333
cford@fordfriedmanlaw.com
asmith@fordfriedmanlaw.com
*Counsel for Petitioner, Alexis Edelstein*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALEXIS EDELSTEIN, | Case No.: 2:25-cv-00003 |
| Petitioner, | **Petitioner's Response to Respondent's Motion for Attorney's Fees and Costs and Pendente Lite Fees** |
| vs. | |
| TARA MICHELLE NELSON, | |
| Respondent. | |

COMES NOW Petitioner, Alexis Edelstein (hereinafter, "Alexis"), by and through his counsel of record, Christopher P. Ford, Esq., and Tony T. Smith, Esq., of the law firm of Ford & Friedman, who hereby files this *Petitioner's Response to Respondent's Motion for Attorney's Fees and Costs and Pendente Lite Fees*.

This Response is made and based on all the papers and pleadings on file herein, the Points and Authorities submitted herewith, and any further evidence and arguments as may be adduced at any hearing of this matter. Alexis requests that this Honorable Court enter the following orders:

1. For an order denying Respondent's request for relief in its entirety; and

i

2.   Any other relief as this Court deems necessary and proper.

DATED this 2nd  day of September, 2025.

**FORD & FRIEDMAN**

*/s/ Tony T. Smith*
_____
CHRISTOPHER P. FORD, ESQ.
Nevada Bar No.: 11570
TONY T. SMITH, ESQ.
Nevada Bar No.: 12096
2200 Paseo Verde Parkway, Ste. 350
Henderson, Nevada 89052
*Attorneys to Petitioner,*
*Alexis Edelstein*

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.
### STATEMENT OF FACTS

Petitioner, Alexis Edelstein (hereinafter, "Alexis"), and Respondent, Tara Nelson (hereinafter, "Tara"), were married on July 19, 2022, in Puerto Iguazu, Misiones, Argentina. The parties have one (1) minor child in common, to wit: E.E. (hereinafter, "minor child").

This Court is familiar with the history of this action, and so Alexis will not rehash the entire history. Of relevance to this instant filing, Alexis has filed an appeal before the Ninth Circuit Court of Appeals regarding the determination entered in this matter of Alexis' petition for relief under the Hague Convention/ICARA.

Tara has now filed a Motion before this Court seeking (1) an award of pendente lite fees to defend against the pending appeal commenced by Alexis before the Ninth Circuit Court of Appeals; and (2) an award of attorney's fees and costs in relation to the work performed in this matter.

Alexis will demonstrate that Tara's request for pendente lite fees is premised upon Nevada domestic relations law. As this Court is well aware, matters pertaining to the law of domestic relations are generally the exclusive province of the State courts rather than the Federal courts.[1]

Next, Alexis will demonstrate herein that Tara's request for an award of attorney's fees/costs must properly be denied on both procedural and substantive grounds. In sum, Alexis will show that Tara's instant request for an award of fees and costs is untimely as the same was

---

[1] *State of Ohio ex rel Popovici v. Agler*, 280 U.S. 379, 383, 50 S.Ct. 154, 155 (U.S. 1930).

1

not filed within fourteen (14) days of entry of the *Order Accepting and Adopting R&R* (hereinafter, "*Order*") as required under FRPC 54(d)(2)(B)(i). Additionally, Alexis will show that ICARA does not generally permit awards of attorney's fees to a prevailing Respondent.[2]

Alexis notes that counsel for Tara did provide the professional courtesy of an extension to file this instant Response to include September 2, 2025.

## II.
## DISCUSSION AND ARGUMENT

**A.** **Awards of Pendente Lite Fees premised upon the parties' marital relationship are within the province of State courts rather than Federal courts.**

  *1.* *Requests for relief which are premised upon Nevada's divorce statutes are properly the province of Nevada's courts and not the Federal courts.*

"It has been understood that, the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States[.]"[3] "State courts deciding the issue have resolved the tension between federal and state objectives in favor of the state interest in resolving domestic relations disputes."[4]

Here, Tara's request for pendente lite fees stems from the existence of the parties' marital relationship, and the only statutory authority which supports such an award of pendente lite fees on appeal is a provision within Nevada's divorce statute, to wit: NRS 125.040(1)(c). As the sole viable statutory authority in support of Tara's request for pendente lite fees is a

---

[2] See 22 U.S.C. § 9007(b).

[3] *Popovici*, 280 U.S. at 383, 50 S.Ct. at 155 (U.S. 1930) (internal quotes and citations omitted).

[4] *Siragusa v. Siragusa*, 108 Nev. 987, 996, 843 P.2d 807, 813, Bankr. L. Rep. P 75,035 (Nev. 1992).

Nevada statute which grants a Nevada court the ability to award pendente lite fees during a suit for divorce, her request for relief has been made before the incorrect court.[5]

Put differently, in light of nearly a century of U.S. Supreme Court precedent indicating that matters pertaining to domestic relations laws are the province of the State courts rather than the Federal courts, Alexis respectfully posits that this Court is without the ability to grant Tara's request for pendente lite fees.

2. *Even if this Court were to entertain Tara's request for pendente lite fees, such fees are not contemplated for a party to an appeal of a Hague Convention/ICARA proceeding.*

NRS 125.040(1)(c) provides: "In any suit for divorce the court may, in its discretion, upon application by either party and notice to the other party, require either party to pay moneys necessary to assist the other party in accomplishing one or more of the following: To enable the other party to carry on or defend such suit."

While Nevada caselaw does provide that a party may receive an award of pendente lite fees when issues related to a divorce are on appeal before Nevada's appellate courts,[6] there appears to be no similar Nevada precedent in support of awarding pendente lite fees in relation to a party's appeal before the Federal courts, which is the circumstance presented here.

The lack of any cited authority in support of the proposition that NRS 125.040(1)(c) permits a Federal court to grant a party to a divorce action an award of pendente lite fees to

---

[5] While Tara attempts to argue that ICARA provides a basis for awarding pendente lite fees, an analysis of the plain language of ICARA and the relevant authorities will demonstrate the only viable statutory basis under which Tara makes her request for pendente lite fees is NRS 125.040(1)(c).

[6] See *Martin v. Martin*, 138 Nev. 786, 520 P.3d 813 (Nev. 2022); see also *Griffith v. Gonzales-Alpizar*, 132 Nev. 392, 373 P.3d 86 (Nev. 2016).

defend against the appeal of a Hague Convention/ICARA determination lends further support to Alexis' position that Tara has directed her request for pendente lite fees to the improper court.

> 3. *The requirement under NRS 125.040(2) that the parties' financial situations be considered prior to entering an award of pendente lite fees lends further support to Alexis' position that the issue of pendente lite fees should properly be determined by Nevada's courts.*

NRS 125.040(2) provides: "The court may make any order affecting property of the parties, or either of them, which it may deem necessary or desirable to accomplish the purposes of this section. Such orders shall be made by the court only after taking into consideration the financial situation of each of the parties."

Nevada Rule of Civil Procedure 16.2(c)(1) requires parties to a divorce action to file a Financial Disclosure Form (FDF) as contained in Form 4 of the Appendix of Forms to NRCP. Relatedly, Eighth Judicial District Court Rule (EDCR) 5.507(a) requires a party to file an FDF in support of any motion or countermotion which seeks, among other things, "fees and allowances."[7]

The foregoing State and local rules, coupled with the mandate in NRS 125.040(2) that orders for pendente lite fees can only be made after the Court considers the financial situation of each party, demonstrate that the consideration to be given to each party's financial situation when a request for pendente lite fees is made is to occur in substantial part via a Court's review

---

[7] Alexis notes EDCR applies to the parties' pending divorce matter in the Eighth Judicial District of Nevada, Case No. D-24-701216-D.

of the FDFs which parties are required to file when participating in a divorce action and/or when seeking pendente lite fees by motion.[8]

The foregoing lends further support to Alexis' position that this Court does not have the power to enter an award of pendente lite fees which are premised upon the existence of the parties' marital relationship and requested pursuant to a Nevada divorce statute.

    4.   *The authorities relied upon by Tara do not provide a basis to grant an award of pendente lite fees.*

Aside from NRS 125.040(1)(c), Tara premises her request for pendente lite fees on 22 U.S.C. § 9007(b).[9] Tara further cites to two (2) Federal court decisions, to wit: *Saldivar v. Rodela*, 879 F.Supp.2d 610 (W.D. Tex. 2012), and *Ozaltin v. Ozaltin*, 708 F.3d 355 (2d Cir. 2013).[10] Alexis will examine each cited authority in turn to demonstrate that the same do not provide a basis for this Court to invade the realm of Nevada's jurisdiction over domestic relations matters to grant an award of pendente lite fees as requested.

Alexis begins by noting that 22 U.S.C. § 9007(b) does not expressly permit an award of pendente lite fees in relation to an appeal of a determination made under ICARA.

Next, Alexis notes that 22 U.S.C. § 9007(b)(1) or (2) cannot properly serve as a basis to award pendente lite fees. "Instead of providing an additional basis for fee shifting, [22 U.S.C. § 9007](b)(1) and (b)(2) are designed to save the United States from having to bear the costs

---

[8] Alexis notes that even if this Court were to entertain Tara's request for pendente lite fees, she has not provided sufficient information regarding the parties' respective financial situations within her instant Motion pursuant to NRS 125.040(2), which necessitates denial of the request due to the inability of the Court to perform the mandated consideration of the parties' financial situations before entering any orders for pendente lite fees.

[9] Respondent's Motion, p. 8, ln. 12-14.

[10] Id., p. 7, ln. 11-18.

associated with these provisions."[11] Further, 22 U.S.C. § 9007(b)(1) or (2) "make clear that a petitioner, not the government, must bear the costs associated with petitions under ICARA unless that petitioner prevails, in which event fee shifting is triggered."[12]

Additionally, 22 U.S.C. § 9007(b)(3) is inapplicable as it provides for an award of attorney's fees only when a minor child has been ordered returned. "[T]he prevailing respondent is not entitled to the award of fees under ICARA[.]"[13] Here, the minor child was not ordered to be returned to Argentina, therefore 22 U.S.C. § 9007(b)(3) cannot serve as a basis to grant an award of pendente lite fees to Tara (i.e., the respondent).

In light of the lack of a basis for granting an award of pendente lite fees under 22 U.S.C. § 9007(b), it is unsurprising that the two (2) federal cases cited by Tara in support of her request for pendente lite fees do not provide a basis for granting such relief. Specifically, *Saldivar* does not address awards of fees during an appeal of a determination made under the Hague Convention/ICARA; rather, this case pertains to the fee shifting provision under 22 U.S.C. § 9007(b)(3), and, as demonstrated above, this statutory provision cannot serve as a basis to grant a respondent to a Hague Convention/ICARA proceeding attorney's fees, pendente lite or otherwise.[14]

Turning to Tara's reliance on the holding in *Ozaltin*, the same problems which occur as a result of Tara's reliance on *Saldivar* also plague her citation to *Ozaltin*. Specifically, *Ozaltin* also involved an analysis of the propriety of granting attorney's fees to a petitioner who

---

[11] *White v. White*, 893 F.Supp.2d 755, 759 (E.D.Va. 2012).
[12] *Id.*
[13] *Id.*, 893 F.Supp.2d at 755.
[14] Saldivar, 879 F.Supp.2d at 632.

prevailed in obtaining the return of the minor child at issue.[15] Tara attempts to convolute matters by arguing that "equitable principles" noted within *Ozaltin* support her request for an award of pendente lite fees. This position advanced by Tara fails upon inspection of the "equitable principles" addressed within *Ozaltin*.

"[Section] 11607(b)(3) retains what we have previously described as the equitable nature of cost awards."[16] Accordingly, the "equitable principles" addressed within *Ozaltin* pertained to the narrow context of determining an award of fees under the provision of ICARA which generally mandates awards of fees in favor of petitioners who prevail in obtaining the return of their child under the Hague Convention/ICARA. For the reasons provided herein, this analysis of "equitable principles" within the context of 22 U.S.C. § 9007(b)(3) cannot possibly serve as a basis for granting an award of pendente lite fees to Tara under the circumstances in this matter.

     5.   *Analysis of the Nevada precedent relied upon by Tara lays bare the fact that Tara has directed her request for pendente lite fees to the improper Court.*

Tara cites two (2) published opinions from the Nevada Supreme Court in an effort to bolster the flimsy foundation upon which her request for pendente lite fees rests.

In *Griffith v. Gonzales-Alpizar*, 132 Nev. 392, 373 P.3d 86 (Nev. 2016) the Nevada Supreme Court determined that an award of pendente lite fees to a financially disadvantaged former spouse to defend against an appeal was appropriate under NRS 125.040(1)(c). "[N]RS

---

[15] *Ozaltin*, 708 F.3d at 377-78.
[16] *Id.*, 708 F.3d at 375 (internal quotes and citations omitted).

7

125.040 serves public policy in ensuring that underprivileged parties have access to justice **in Nevada courts** and may obtain appellate review **in divorce proceedings.**"[17]

The foregoing citation from *Griffith* reinforces Alexis' position that a request for pendente lite fees which is premised upon the existence of the parties' marital relationship and legal authorities unique to the State of Nevada should not properly be directed to this honorable Court, but, rather, should have properly been made before a Nevada court.[18]

Alexis must additionally note that the Nevada Supreme Court in *Griffith* stressed the need for the district court to make explicit factual findings regarding the financial conditions of the parties, which is accomplished in significant part by the mandatory filing of an FDF during domestic relations actions in Nevada or when a party to such an action seeks an award of pendente lite fees by motion.[19]

Alexis now turns to examination of the other published Nevada authority relied upon by Tara. In *Martin v. Martin*, 138 Nev. 786, 520 P.3d 813 (2022),[20] the Nevada Supreme Court upheld an award of pendente lite fees to a former spouse to defend against an appeal before the Nevada Supreme Court of an order regarding a determination of certain property rights of the parties. Again, the award of pendente lite fees was made under NRS 125.040(1)(c) in relation to a divorce action.

---

[17] *Griffith*, 132 Nev. at 394-95, 373 P.3d at 88. (emphasis added).
[18] Alexis notes that even had Tara directed her request for pendente lite fees to a Nevada court, there are likely serious impediments to a Nevada court's ability to order pendente lite fees so that a party may defend against an appeal before a Federal court of a Hague Convention/ICARA determination.
[19] Id., 132 Nev. at 396, n. 2, 373 P.3d at 89, n. 2.
[20] Alexis notes the citation included within Tara's instant Motion incorrectly indicates *Martin* was decided in 1992. *See* Tara's Motion, p. 8, n. 8.

The foregoing demonstrates that Tara's efforts to stretch Nevada State statutes and precedent into an ability for a Federal court to grant pendente lite fees on appeal cannot overcome nearly a century of U.S. Supreme Court precedent providing that domestic relations law is the prerogative of the State courts and not the Federal courts, with certain narrow exceptions which do not apply here.

**B.    Tara's request to be awarded attorney's fees and costs as the prevailing party should be denied on procedural grounds as her Motion is untimely.**

In regard to a party's request for fees and nontaxable expenses, FRCP 54(d)(2)(B)(i) provides: "Unless a statute or a court order provides otherwise, the motion must be filed no later than 14 days after the entry of judgment[.]"

Here, entry of judgment occurred on May 16, 2025, and this fact is undisputed in Tara's instant Motion.[21] Tara brought her instant Motion seeking fees pursuant to FRCP 54(d) on August 5, 2025. Accordingly, as Tara did not file her Motion seeking fees and nontaxable costs within the prescribed time period, her request for fees must properly be denied on these procedural grounds.

**C.    Tara's request to be awarded attorney's fees and costs as the prevailing party should be denied on procedural grounds as her Motion does not comport with certain local rule requirements.**

Nevada District Court LR 54-14(a)(3) contains certain requirements which a Motion for fees and nontaxable costs must contain. Here, Tara's instant Motion fails to briefly summarize: (1) the novelty and difficulty of the questions involved; (2) the skill requisite to perform the legal service properly; (3) the preclusion of other employment by the attorney due to

---

[21] Tara's Motion, p. 5, ln. 1-3.

acceptance of the case; (4) the customary fee; (5) the time limitations imposed by the client or the circumstances; (6) the experience, reputation, and ability of the attorney(s); (7) the undesirability of the case, if any; (8) the nature and length of the professional relationship with the client; or (9) awards in similar cases.[22]

Further, Nevada LR 54-14(b) requires a Motion for fees under FRCP 54 to be "accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill was reviewed and edited and that the fees and costs charged are reasonable." While there is an affidavit from Tara attached to her instant Motion, no such affidavit of counsel is attached to Tara's instant Motion.

Nevada LR 54-14(c) provides: "Failure to provide the information required by subsections (a) and (b) in a motion for attorney's fees may be deemed a consent to the denial of the motion." Further, it is appropriate to deny a request for fees by a prevailing party to a Hague Convention/ICARA proceeding when the prevailing party fails to comply with local rules.[23]

The foregoing lack of compliance with this Court's local rules serves as additional cause to deny Tara's request for fees and costs on procedural grounds.

**D.    Tara's request to be awarded attorney's fees and costs as the prevailing party should be denied on substantive grounds.**

"Analysis of the fee question properly begins with recognition of the governing, well established general principle that the prevailing litigant is ordinarily not entitled to collect a

---

[22] *See* Nevada LR 54-14(a)(3)(C) – (F),(H) – (L).
[23] *See Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001).

10

reasonable attorneys' fee from the loser. Instead, an award of attorney's fees is proper only where specifically permitted by statute or where appropriate under the inherent power in the courts."[24]

NRCP 54(d)(2)(B)(ii) provides that "Unless a statute or a court order provides otherwise, the motion must specify the judgment and the statute, rule, or other grounds entitling the movant to the award[.]" Here, the only statutory authority relied upon by Tara in support of her request for fees as a prevailing party is ICARA, and, as will be demonstrated, ICARA does not permit an award of attorney's fees to a prevailing respondent.[25]

    1.   *22 U.S.C. § 9007(b) cannot properly serve as a basis for granting Tara her requested award of fees and costs.*

Tara relies, in part, upon 22 U.S.C. § 9007(b) in support of her request for an award of attorney's fees and costs as the prevailing party in this matter.[26] However, 22 U.S.C. § 9007(b) cannot serve as a basis to award Tara her requested fees and costs.

First, 22 U.S.C. § 9007(b)(1) or (2) cannot properly serve as a basis to award fees to a prevailing respondent in a Hague Convention/ICARA proceeding. "Instead of providing an additional basis for fee shifting, (b)(1) and (b)(2) are designed to save the United States from having to bear the costs associated with these provisions."[27]

Further, 22 U.S.C. § 9007(b)(1) or (2) "make clear that a petitioner, not the government, must bear the costs associated with petitions under ICARA unless that petitioner

---

[24] *White,* 893 F.Supp.2d at 757-58 (internal quotes and citation omitted).
[25] 22 U.S.C. § 9007(b)(3).
[26] Tara's Motion, p. 5, ln. 22-26.
[27] *White*, 893 F.Supp.2d at 759.

prevails, in which event fee shifting is triggered."[28] As 22 U.S.C. § 9007(b)(1) or (2) are designed to ensure that generally a petitioner bears the costs associated with the petitioner commencing and litigating a Hague Convention/ICARA proceeding, the same does not serve as an independent basis to award fees/costs to a prevailing party.

Next, 22 U.S.C. § 9007(b)(3) is inapplicable as it provides for an award of attorney's fees only when a minor child has been ordered returned. "[T]he prevailing respondent is not entitled to the award of fees under ICARA[.]"[29] Here, the minor child was not ordered to be returned to Argentina, therefore 22 U.S.C. § 9007(b)(3) cannot serve as a basis to grant an award of fees/costs.

Based on the foregoing, 22 U.S.C. § 9007(b) cannot serve as a basis for awarding Tara her requested attorney's fees and costs.

2. *There is not a basis to grant Tara fees and costs under this Court's inherent power.*

"Although district courts have the inherent authority to award attorney's fees, those courts should do so only in the extraordinary circumstances where bad faith or abuse can form a basis for doing so."[30] "Because of their very potency, inherent powers must be exercised with restraint and discretion."[31]

"[D]istrict courts awarding fees pursuant to the inherent power of the court should do so only when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive

---

[28] *Id.*
[29] *Id.*, 893 F.Supp.2d at 755.
[30] *Id.*, 893 F.Supp.2d at 759.
[31] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (U.S. 1991) (citations omitted).

reasons."[32] Among the sorts of extraordinary circumstances where it was proper for a court to use its inherent power to award fees is when a party engages in a "scheme of deliberate misuse of the judicial process."[33] "The proper use of sanctions that are within the court's inherent power is to protect the court so it may adequately dispense justice."[34]

Additional caution and restraint should accompany the exercise of this Court's inherent power to order sanctions in a Hague Convention/ICARA proceeding. "Parenthood is one of the greatest joys and privileges of life, and, under the Constitution, parents have a fundamental interest in their relationships with their children."[35] Accordingly, in the context of a proceeding wherein a parent's fundamental liberty interest in the "care, custody, and control"[36] of their minor child is at stake, even greater caution should be used before using the court's inherent power to impose sanctions which may dissuade parents of wrongfully removed children from seeking judicial intervention.

The holding from a relatively recent Hague Convention/ICARA matter before the First Circuit Court of Appeals lends further support to Alexis' position that this matter does not present the sort of extraordinary situation wherein this Court's use of its inherent power to order fees/costs as a sanction is appropriate. Specifically, in *Mata-Cabello v. Thula*, 67 F.4th 5, 9 (1st Cir. 2023), the district court appropriately determined that sanctions pursuant to its

---

[32] *White*, 893 F.Supp.2d at 758 (internal quotes and citations omitted).
[33] *Chambers*, 501 U.S. at 57, 111 S.Ct. at 2139.
[34] *Mark Industries, Ltd. V. Sea Captain's Choice, Inc.*, 50 F.3d 730, 733 (9th Cir. 1995) (citation omitted).
[35] *Walsh v. Walsh,* 221 F.3d 204, 216 (1st Cir. 2000) (citations omitted)
[36] *See Troxel v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 2060 (U.S. 2000) ("[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children.") (plurality opinion).

inherent power were inappropriate when a parent commenced an action "in good faith in an attempt to defend what he believed were the father's rights in a Hague Convention and ICARA proceeding."

Here, the minor child at issue was born in Argentina, and both parties resided in Argentina when the child was born. Though this Court ultimately determined that there was no plan for the parties to return to Argentina when they traveled to the United States in 2024, there were occasions wherein the parties discussed returning to Argentina with the minor child. Additionally, this matter proceeded expeditiously, therefore there can be no finding that Alexis acted to improperly delay these proceedings.

Based on the foregoing, Tara's request for an award of attorney's fees and nontaxable costs must properly be denied.

**E.**      **In the event this Court entertains Tara's request for fees/costs despite the procedural and substantive issues which warrant denial of the same, the requested amount of fees is unreasonable.**

"In determining the amount of reasonable attorney's fees to award under ICARA, federal courts typically apply the lodestar method."[37] "Under the lodestar method, the Court multiplies the number of reasonable hours expended by a reasonable hourly rate."[38]

"The party seeking an award of attorney's fees must submit adequate evidence detailing the hours worked and the rates claimed. Where the attorney's documentation is inadequate, or the claimed hours are duplicative or excessive, the court may reduce the award accordingly."[39]

---

[37] *Neves v. Neves,* 637 F.Supp.2d 322, 339 (W.D.N.C. 2009) (citations omitted).
[38] *Id*. at 340 (citations omitted).
[39] *Id.* (internal citations omitted).

"[D]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. *In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.* Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry."[40]

Further, it is error for a Court to rely solely on the affidavit of counsel to determine the prevailing market rate.[41] "In the absence of specific evidence regarding the prevailing market rate, the Court may establish a reasonable rate based upon its own knowledge and experience of the relevant market[.]"[42]

1.   *Certain categories of fees and the hourly rates of counsel should be reduced.*

Alexis begins by noting that it is improper and unreasonable for Tara to be awarded fees which do not pertain to this instant action. Alexis raises this point because he has identified at least one entry in the billing records (which are unauthenticated by counsel) which appears to pertain to the parties' proceedings before the Nevada family court.

Specifically, on February 2, 2025, an entry indicates work for "Review UCCJEA Dec and first pass at family court motion."[43] Any such similar entries for work performed in relation to the parties' proceedings before the Nevada family court should not be considered.

---

[40] *Robinson v. Equifax Info. Services,* 560 F.3d 235, 244 (4th Cir. 2009) (quoting *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir.1990)) (emphasis in *Robinson*).
[41] *See Robinson,* 560 F.3d at 246
[42] *Neves*, 637 F.Supp. at 341-42.
[43] See Tara's Motion, Exhibit A.

Next, when examining the reasonableness of hourly rates in Hague Convention/ICARA proceedings, the courts have not reduced the sought hourly rate when counsel has extensive experience in Hague Convention/ICARA proceedings.[44] However, in this instant matter, the lack of an affidavit of counsel renders this Court unable to make a determination regarding the experience of counsel in Hague Convention/ICARA proceedings, which properly warrants a reduction in the hourly rates sought by counsel.

Next, when examining the reasonableness of hourly rates in Hague Convention/ICARA proceedings, the courts have reduced the sought hourly rate when counsel was a fourth-year associate.[45] Here, Mr. Lovelady has been licensed in Nevada since October of 2024. As courts have previously reduced the sought hourly rate for a fourth-year associate working on a Hague Convention/ICARA proceeding, it is appropriate to reduce the sought hourly rate for a first-year attorney working on this Hague Convention/ICARA action.

Next, billing entries indicate Tara seeks fees in relation to the Motion to Dismiss she filed in this action.[46] Tara's Motion to Dismiss was ultimately denied as moot.[47] Accordingly, as Tara did not prevail on her Motion to Dismiss, she should not be granted any fees/costs in relation to the same.

Next, Tara has provided no information in support of her instant Motion as to the prevailing market rates in the community for the type of work for which she seeks an award of

[44] *See Distler v. Distler*, 26 F.Supp.2d 723, 727 (N.J. 1998) (where the Court deemed counsel's sought hourly rate reasonable where he had handled 165 cases under the Hague Convention).
[45] Id.
[46] See Tara's Motion, Exhibit A, billing entry on March 6, 2025.
[47] See Order (ECF No. 39), p. 13, ln. 6.

16

fees. In light of the lack of specific evidence as to this issue provided by Tara, the same serves as additional basis to reduce the amount of fees/costs sought by Tara.

    2.   <u>*Granting Tara her requested fees and costs would likely hinder Alexis' ability to pay for travel necessary for him to maintain the parent-child relationship.*</u>

"At least two courts of appeals have recognized that a fee award in a case under the Convention might be excessive and an abuse of discretion if it prevents the respondent-parent from caring for the child."[48]

Here, as the minor child remains in Nevada and Alexis is a resident of Argentina, he will be required to incur significant travel expenses to accomplish regular visits to the United States so that he may exercise custodial time with the minor child at issue. Granting Tara her requested fees/costs would likely hinder or prevent Alexis from engaging in such travel to the United States to facilitate his exercise of custodial time, which will only result in harm to the minor child by virtue of being deprived of regular physical contact with one of his parents.

Further, such a hindrance on Alexis' ability to travel to the United States to exercise his custodial time would also improperly infringe on his fundamental liberty interests as a parent.

### III.
### CONCLUSION

For the foregoing reasons, Petitioner, Alexis Edelstein, respectfully requests that this Court enter the following orders:

    1.   For an order denying Respondent's request for relief in its entirety; and

---

[48] *Norinder v. Fuentes,* 657 F.3d 526, 536 (2d Cir.2011) (citing *Whallon,* 356 F.3d at 139, and *Rydder,* 49 F.3d at 373–74).

2.   Any other relief as this Court deems necessary and proper.

DATED this 2nd  day of September, 2025.

<strong>FORD & FRIEDMAN</strong>

*/s/ Tony T. Smith*

_____

CHRISTOPHER P. FORD, ESQ.
Nevada Bar No.: 11570
TONY T. SMITH, ESQ.
Nevada Bar No.: 12096
2200 Paseo Verde Parkway, Ste. 350
Henderson, Nevada 89052
*Attorneys to Petitioner,*
*Alexis Edelstein*

## __VERIFICATION__

I, Alexis Edelstein, do hereby swear that the following is true and accurate to the best of my knowledge:

That I am the Petitioner in the action within and I have read the above and foregoing *Petitioner's Response to Respondent's Motion for Attorney's Fees and Costs and Pendente Lite Fees* and know the contents thereof, and that the same is true of my own knowledge, except for those matters stated upon information and belief and, as to those matters, I believe them to be true.

The foregoing is true and correct and stated under the penalties of perjury.

DATED this 2nd day of September, 2025, in accordance with NRS 53.045.

/s/ Alexis Edelstein

_____
ALEXIS EDELSTEIN[49]

---

[49] Alexis authorized Ford & Friedman to electronically sign this document on his behalf.

19

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2025, I did cause a true and correct copy of the foregoing *Petitioner's Response to Respondent's Motion for Attorney's Fees and Costs and Pendente Lite Fees* to be served via the CM/ECF to the following registered user:

Marshal S. Willick, Esq.
Joshua Lovelady, Esq.
WILLICK LAW GROUP
email@willicklawgroup.com
*Attorneys for Respondent*


*/s/ Alyssa Stewart*
_____
An Employee of Ford & Friedman

20