UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEXIS EDELSTEIN,<br><br>            Petitioner,<br><br>vs.<br><br>TARA MICHELLE NELSON,<br><br>            Respondent. | Case No.: 2:25-cv-00003-GMN-MDC<br><br>**REPORT AND RECOMMENDATION DENYING RESPONDENT'S MOTION FOR ATTORNEY'S FEES (ECF NO. 46)** |

I was referred the *Motion for Attorneys' Fees* (ECF No. 46)("Motion") by respondent Tara Michelle Nelson ("Nelson") per 28 USC 636. For the reasons below, I RECOMMEND the Motion be **DENIED.**

**DISCUSSION**

**I.  RELEVANT FACTS**

This is a matter under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") concerning between petitioner Alexis Edelstein ("Edelstein") and respondent Nelson regarding their infant son, E.E.  The sole issue is whether E.E. was wrongfully moved or retained from his habitual residence.  This issue was ultimately adjudicated on May 16, 2025, when District Judge Gloria M. Navarro entered an order (ECF No. 39) adopting my Report and Recommendation (ECF No. 35) which found that E.E. had not been wrongfully removed or retained from his habitual residence and denying Edelstein's petition.  On June 13, 2025, Edelstein filed a Notice of Appeal.  Nelson filed her Motion on August 5, 2025.  Nelson argues that she is entitled to her

1

attorneys' fees as the prevailing party and for her on-going fees *pendente lite* Edelstein's appeal. Nelson also argues that she is entitled to attorneys' fees because Edelstein's petition was in bad faith.

Among other things, Edelstein responds that Nelson's Motion for attorneys' fees is untimely and does not comply with the Court's Local Rules. *ECF No. 48*. Edelstein argues that he did not file his petition in bad faith nor is there evidence of bad faith and that attorneys' fees *pendente lite* are not allowed in this case. *Id.*

## II.     ANALYSIS

### A.     Nelson's Motion Is Untimely

Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure requires motions for attorneys' fees to be filed "no later than 14 days after the entry of judgment," "unless a statute of court order provides otherwise." *Id.* This matter was adjudicated on May 16, 2025, with the entry of District Judge Gloria M. Navarro's order (ECF No. 39). Nelson did not file her Motion within 14 days after the May 16, 2025, order. Foremost, Nelson's Motion does not address the timelines of her request for fees. Nelson only addresses the matter in her reply (ECF No. 52) in response to Edelstein's' opposition. This is generally improper and unfair because it deprives the adversary of a response. *See Eruchalu v. U.S. Bank, Nat'l Ass'n*, No. 2:12-CV-1264-RFB-VCF, 2014 WL 12776845, at *2 (D. Nev. Sept. 30, 2014)("[T]he court also reminds counsel that legal arguments should not be raised for the first time in a reply brief….because the opposing party is deprived of an opportunity to respond.")(citing *United States v. Gianelli*, 543 F.3d 1178, 1184 n. 6 (9th Cir. 2008) and *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993)). That said, I have exercised my discretion and considered Nelson's reply arguments addressing the timeliness of her Motion. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992)(exercising discretion and electing to consider argument raised for first time on reply). Having considered her reply arguments, I find them unpersuasive and conclusory.

Nelson does not identify any court order or statute altering that 14-day deadline. While Nelson recognizes that a party must establish excusable neglect (ECF No. 52), she does not make any showing of excusable neglect. LR IA 6-1(a) provides in relevant part: "A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." Nelson does not explain why she filed her Motion 81 days after the Court's May 16, 2025, order and the deadline under Rule 54(d)(2)(B)(i) expired.

**B.  Nelson Did Not Comply With LR 54-14**

The requisite content of motions for attorneys' fees is expressly provided by LR 54-14(a), which states:

> (a) Content of Motions. Unless the court orders otherwise, a motion for attorney's fees must include the following in addition to those matters required by Fed. R. Civ. P. 54(d)(2)(B):
>
> (1) A reasonable itemization and description of the work performed;
>
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
>
> (3) A brief summary of:
>
> (A) The results obtained and the amount involved;
>
> (B) The time and labor required;
>
> (C) The novelty and difficulty of the questions involved;
>
> (D) The skill requisite to perform the legal service properly;
>
> (E) The preclusion of other employment by the attorney due to acceptance of the case;
>
> (F) The customary fee;
>
> (G) Whether the fee is fixed or contingent;
>
> (H) The time limitations imposed by the client or the circumstances;
>
> (I) The experience, reputation, and ability of the attorney(s);
>
> (J) The undesirability of the case, if any;
>
> (K) The nature and length of the professional relationship with the client;
>
> (L) Awards in similar cases; and
>
> (M) Any other information the court may request.

*Id.*

In addition, attorneys' fees motions must be supported by an affidavit of counsel. LR 54-14(b) states:

> Each motion must be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill was reviewed and edited and that the fees and costs charged are reasonable

*Id.*

Edelstein argues that Nelson did not comply with these rules (ECF No. 48) and he is correct. Foremost, neither Nelson's Motion nor her Reply include an affidavit of counsel required by LR 54-14(b).[1] Nelson also failed to the matters required by LR 54-14(a)(3)(E), (F), (H), (I), (J) or (K) in either her Motion or Reply.[2] Moreover, Nelson only mentions the factors at LR 54-14(a)(3)(C) and (D) in a conclusory sentence[3] which I find does not substantively and adequately address such factors.

---

[1] In Nelson's reply, her counsel represents that "Tara's Motion includes detailed billing records and a sworn affidavit." *ECF No. 52 at 6:11-12*. However, the billing records attached to the Motion are heavily redacted and counsel does not cite or otherwise point to any affidavit of counsel that was attached to the Motion or otherwise filed separately. Nelson's Motion includes only a conclusory verification from Nelson in which she states:

> I have read the above and foregoing "MOTION ATTORNEY'S FEES AND COSTS AND PENDENTE LITE FEES" and know the contents thereof, and the same is true of my own knowledge, except those matters stated on information and belief, and, as to those matters, I believe them to be true.

*ECF No. 46 at 10.*
Such verification does not comply with LR 54-14(b), which requires an affidavit from counsel, not the party. Nor does Nelson authenticate the Willick Law Invoice attached to her Motion or confirm that she reviewed and edited the invoice and that the fees and costs charged are reasonable.

[2] The only "novel" issue Nelson identifies is whether she is entitled to fees as a prevailing party, which she raised for first time in her reply (ECF No. 52), which I elected to ignore at my discretion. *See Eruchalu*, 2014 WL 12776845, at *2.

[3] At page 7 of her Motion, Nelson states: "These proceedings are complex, fact-intensive, and require skilled legal representation."

The consequences for failing to follow these rules is also expressly stated. LR 54-14(c) provides: "Failure to provide the information required by subsections (a) and (b) in a motion for attorney's fees may be deemed a consent to the denial of the motion." *Id.*

Nelson's arguments that she complied with the rules and her Motion is timely are manifestly contradicted. As discussed above, Nelson failed to comply with LR 54-14(a) and (b), or timely file her Motion under FRCP 54(d)(2)(B)(i). Nelson suggests that her shortcomings are mere technicalities that she could correct with supplemental briefing. *ECF No. 52*. She also argues that Edelstein is not prejudiced because he filed an opposition to her Motion. *Id.* The Court's Local Rules or the Federal Rules of Civil Procedure are not "mere technical or 'boilerplate' requirements that a party is free to ignore, either in form or substance." *W. Nevada Precious Metals, Corp. v. Sunago*, No. 2:05-CV-00886-RLH-GWF, 2006 WL 8442902, at *9 (D. Nev. Mar. 9, 2006). Among other things, they are necessary for the orderly administration of justice and have resulting consequences when not followed. I am also not persuaded that supplemental briefing is appropriate, particularly when Nelson provides no reason or justification why her Motion was filed almost three months late and why she failed to address such untimeliness in her Motion. *See e.g., Regter v. Stryker Corp.*, No. 8:13-CV-00014-R-SS, 2013 WL 12129612, at *6 (C.D. Cal. Aug. 21, 2013)("Initial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to 'get it right' the first time…."). Finally, Nelson's lengthy delay in filing her Motion is prejudicial. "[T]he law presumes injury from unreasonable delay." *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970). Delays also undermine FRCP 1, which directs "the just, speedy, and inexpensive determination of every action and proceeding." *Id.*

//

//

//

        **C.**       **Nelson Is Not Entitled To *Pendent Lite* Fees**

Nelson argues she should be awarded attorneys' fees *pendent lite* Edelstein's appeal. Nelson argues that in *Saldivar v. Rodela*, 879 F. Supp. 2d 610 (W.D. Tex. 2012)("*Saldivar I*"), a Hague Convention case, "the court awarded interim attorney fees under 42 U.S.C. § 11607(b)(3) (now recodified as § 9007(b)(3))," the International Child Abduction Remedies Act ("ICARA"). *See ECF No. 46 at 7.* According to counsel *Saldivar I* "emphasized that the statute allows for reimbursement of 'necessary expenses' incurred during the course of proceedings, which includes pendente lite fees." *Id. at 7:13-15.* *Saldivar I*, however, neither holds nor suggest that *pendente lite* fees are allowable under the Hague Convention or ICARA. *Saldivar I* did not award interim attorneys' fees, as represented by Nelson's counsel. The court did not award any fees. *Saldivar* further recognized that fees are available only if a court orders the removing parent to return the child, which are not the circumstances here:

> Acosta [petitioner] requests this Court to award attorneys' fees and costs including transportation expenses that she incurred as a result of Rodela's wrongful retention…. Under the Convention's "optional provision," the court "may, where appropriate" direct the removing parent to cover necessary expenses, including cost of legal representation, of the non-removing party, if it orders the return of the child…. ICARA, however, makes it mandatory for the Court to award such fees and expenses…. ICARA provides, in pertinent part: "Any court ordering the return of a child ... shall order the respondent to pay necessary expenses incurred by ... the petitioner, including court costs, legal fees, ... and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate."
> ….
> Acosta has not yet submitted an itemized list of fees and expenses, and an affidavit in support thereof. Moreover, in his answer, Rodela [respondent] appears to counter that an award of attorneys' fees in this case would not be appropriate because Acosta is represented by Texas Rio Grande Legal Aid, Inc., whose legal aid programs are funded by grants from various federal, state, or local sources…. The Court is of the opinion that Rodela's argument needs further briefing supported by relevant authorities. The Court therefore withholds any ruling on Acosta's requests for fees and expenses at this time; further filings by the parties are ordered below.

*Saldivar*, 879 F. Supp. 2d at 632.[4]

Nelson also argues that *pendente lite* fees are appropriate by analogous Nevada state authorities regarding divorce and custody matters. *ECF No. 46.* Nelson's argument and attempted analogy is not persuasive. This matter, like all Hague Convention/ICARA matters, does not determine the underlying merits of the parties' legal relationships or the custody of the child at issue. *See Shalit v. Coppe*, 182 F.3d 1124, 1128 (9th Cir. 1999).

In sum, I recommend denying Nelson *pendente lite* fees.

### D. There Are No Extraordinary Circumstances That Otherwise Supporting An Award of Fees to Nelson

"As a general rule, a district court may in its discretion award attorney's fees to a prevailing defendant ... upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though it was not brought in subjective bad faith." *Quinn v. Thomas*, No. 2:09-CV-00588-KJD, 2012 WL 3516516, at *1 (D. Nev. Aug. 15, 2012)(internal quotations omitted)(quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978). Nelson argues that attorneys' fees are alternatively appropriate because Edelstein's petition was in bad faith. Nelson, however, does not provide any evidence or cite to any portion of the record supporting her conclusion that Edelstein's petition was in bad faith. Instead, Nelson suggest that the courts' prior findings show Edelstein's petition was in bad faith. "While the decision in this case did not specifically opine on Alexis' motivations and intentions,

---

[4] The court entered a subsequent decision on respondent Acosta's motion for fees at *Saldivar v. Rodela*, 894 F. Supp. 2d 916 (W.D. Tex. 2012)("*Saldivar II*"). The court did not award petitioner Acosta interim fees or *pendente lite* fees in *Saldivar II* or determine that such fees were appropriate. *Id.* Counsel has an obligation to accurately represent legal authorities. *See e.g., Frausto v. Legal Aid Soc. of San Diego, Inc.*, 563 F.2d 1324, 1327 (9th Cir. 1977)(counsel has a "professional duty to be scrupulously accurate in referring to the record and the authorities upon which he relies in his presentation to the court in his brief or oral argument.").

7

the factual findings reveal his bad faith in initiating and prosecuting the case." *ECF No. 46 at 6:15-17*. Nelson, however, does not cite to any specific findings from either my Report and Recommendation (ECF No. 35) or Judge Navarro's order adopting the same (ECF No. 39).  Moreover, my Report and Recommendation (ECF No. 35) recommended denying any requests for fees.  *ECF No. 35 at n.4*. Accordingly, I recommend denying Nelson's request for attorneys' fees on the grounds that Edelstein brought his petition in bad faith.

### III.     CONCLUSION & RECOMMENDATION

For the foregoing reasons,

I RECOMMEND that the *Motion For Attorneys' Fees* (ECF No. 46) by respondent Nelson be **DENIED**.

IT IS SO RECOMMENDED.

Dated: November 12, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge