**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEXIS EDELSTEIN,

               Petitioner,

vs.

TARA MICHELLE NELSON,

               Respondent.

Case No.: 2:25-cv-00003-GMN-MDC

**ORDER GRANTING MOTION TO SEAL IN PART**

Pending before the Court is the Motion to Seal Case, (ECF No. 40), filed by Petitioner Alexis Edelstein. Respondent did not file a Response, and the time to do so has now passed. (*See* Mot. Seal, ECF No. 40) (setting a June 12, 2025, deadline for Responses). For the reasons discussed below, the Court GRANTS the Motion to Seal, in part, and DENIES the Motion to Seal, in part, without prejudice and with leave to refile.

The public has a presumptive right to inspect and copy judicial records and documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Consequently, a party seeking to seal a judicial record under Federal Rule of Civil Procedure 26(c) "bears the burden of overcoming this strong presumption." *Id.* The Ninth Circuit has recognized that two different standards may apply when a request to seal a document is made in connection with a motion—namely the "compelling reasons" standard or the "good cause" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id*. at 1099, 1101. Under the good cause standard, a party requesting sealing must show that, for "each particular document" it seeks to seal, "prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Under the

compelling reasons standard, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096–97.  Compelling reasons exist when "such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1097 (internal quotations and citations omitted).

The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal quotations and citations omitted).  The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential" and that, in general, their disclosure would be harmful to the movant. *Id*. at 1182.  Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Florence v. Cenlar Fed. Sav. & Loan*, No. 2:16-cv-00587, 2017 WL 1078637, at *2 (D. Nev. Mar. 20, 2017) (internal citations omitted).

Here, Petitioner seeks to seal the entire case file, arguing that some filings contain identifying information of a minor child. (Mot. Seal at 3–4, ECF No. 40).  Because Petitioner seeks to seal the entire case, the object of the Motion to Seal is "more than tangentially related to the merits of a case," and thus the "compelling reasons" standard applies. *Kroutik v. Rajic*, No. 25-CV-2794 JLS (AHG), 2025 WL 3043534, at *2 (S.D. Cal. Oct. 30, 2025).

Although protecting the identity of a minor child is a compelling reason to seal filings, the scope of Plaintiff's request is overbroad.  Sealing the entire case infringes too far on the public right to access court records, especially given that Petitioner's concerns here are adequately addressed by sealing only those filings which contain identifying information of the

minor child. *See Florence*, 2017 WL 1078637, at *2 (explaining that requests to seal must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy). Petitioner does request that, in the alternative to sealing the entire case, the Court seal any "filings containing identifying information of the minor child, and any exhibits that may compromise the child's safety or wellbeing." (Mot. Seal at 4).  However, Petitioner does not provide a full list of such filings, identifying only Respondent's Post Trial Brief, (ECF No. 34), which contains thirty-three instances of the minor child's name. (*See generally* Post Trial Brief, ECF No. 34).

At the very least, the Post Trial Brief should have redacted all instances of the minor child's name as required by Local Rule IC 6-1(a)(2).  Because it failed to do so, the Court STRIKES the Post Trial Brief as noncompliant with the Local Rules, *see* LR IC 7-1. Respondent must file a copy of the Post Trial Brief with the minor child's name redacted no later than seven days from the entry of this Order.

Because Petitioner fails to identify any other filings in this case that may contain identifying information of the minor child, the Court DENIES the Motion to Seal without prejudice and with leave to refile with respect to all other filings in this case.  Petitioner is reminded that a Motion to Seal must specifically identify all filings that he seeks to have sealed and must explain why each document meets the compelling reasons standard articulated in *Ctr. for Auto Safety*, 809 F.3d at 1096–97.  In the interest of ensuring that his request is sufficiently "'narrowly tailored' to remove from the public sphere only the material that warrants secrecy," *see Florence*, 2017 WL 1078637, at *2, Petitioner may file redacted documents and seek to seal the unredacted versions of those documents.  Petitioner is also reminded that any additional Motions to Seal must comply with the requirements articulated in Local Rule IA 10-5(a).

/ / /

/ / /

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Seal, (ECF No. 40), is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that the Post Trial Brief, (ECF No. 34), be **STRICKEN** from the docket. Respondent must file a copy of the Post Trial Brief with the minor child's name redacted no later than seven days from the entry of this Order.

**IT IS FURTHER ORDERED** that Petitioner must file a Motion to Seal or Stipulation that identifies each filing that contains identifying information of the minor child no later than two weeks from the entry of this Order. Redacted versions of each identified filing must be filed on the docket using the "Notice of Corrected Image/Document" event.

**DATED** this ___28___ day of January, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court